IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARSHALL RICHMOND,

        Petitioner,        Civil No. 11-673-HO

    v.                        ORDER

JEFFERY THOMAS,

        Respondent.

HOGAN, District Judge.

    Petitioner, an inmate in the custody of the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution located at Sheridan, Oregon ("FCI Sheridan"), filed a petition under 28 U.S.C. § 2241 challenging his 180 month prison sentence for drug convictions. Petitioner seeks immediate release from custody based upon his contention that the provisions of the Fair Sentencing Act of 2010 should be applied retroactively. Petition (#1)

    Respondent now moves to dismiss the petition arguing

1 - ORDER

*inter alia* that, based on *United States v. Baptist*, and the Ninth Circuit's order in petitioner's appeal, petitioner's argument that the FSA applies retroactively, fails on the merits.

On June 30, 2011, the United States Sentencing Commission voted to give retroactive effect to its proposed permanent amendment to the federal sentencing guidelines that implements the Fair Sentencing Act of 2010. Both the amendments and the retroactive provision will become effective on November 1, 2011, absent Congressional approval.

By Order (#23) entered September 20, 2011, respondent was requested to advised the court what, if any, effect this action might have on petitioner's claim in this proceeding.

In respondent's Amended Memorandum (#28) filed October 27, 2011, respondent advised the court as follows:

> The calculations of the amended sentencing guideline range for defendant should be calculated as Level 26, Criminal History (CH) category IV, with a range of 120 - 150 months. The government's initial estimated calculations erroneously assumed that the offense level would be Level 30. Defendant's present sentence of 168 months is higher than the new sentencing guideline range. In this case, if Petitioner files a motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) with the sentencing court after November 1, 2011, the sentencing court will be limited in making any additional sentence reduction to the lower end of the applicable sentencing guideline range of Level 26, CH IV, with a range of 120 - 150 months' imprisonment. The appropriate vehicle for qualified defendants seeking the remedy after November 1, 2011, will be a motion filed pursuant to 18 U.S.C. § 3582(c)(2) with the sentencing court. U.S.S.G. § 1B1.10. Petitioner may seek

2 - ORDER

>relief by filing a motion for modification of sentence with the sentencing court on or after November 1, 2011. 18 U.S.C. § 3582(c)(2).

Respondent's Amended Memorandum (#28) p. 2.

Based on respondent's notice as set forth above, respondent's Motion to Dismiss (#11) is allowed. Petitioner's Section 2241 Petition (#1) is denied without prejudice to petitioner's right to file a Motion for Modification of Sentence pursuant to 18 U.S.C. § 3582(c)(2).

This proceeding is dismissed.

IT IS SO ORDERED
DATED this 4th day of November, 2011.

Michael R. Hogan
United States District Judge

3 - ORDER